## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CHERYL SAVOIA,**

      **Plaintiff**

                                 **CASE NO.:**

      **v.**

**JC USA, INC., Foreign Profit Corporation,**

      **Defendant.**

_____/

### COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHERYL SAVOIA (hereinafter referred to as "Plaintiff"), files suit against JC USA, INC., (hereinafter referred to as "Defendant") and in support of states as follows:

### INTRODUCTION

1.     This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*., as amended by the ADA Amendments Act of 2008 ("ADA") and Florida Statute § 440.205 to recover from Defendant for back pay, an equal amount of liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs, and all other fair and justifiable relief under the law.

2.     Florida Statute §440.205 prohibits retaliation against employees who file workers' compensation claims. Florida Statute §440.205 states in

pertinent part that "No employers shall discharge, threaten to discharge, intimate, or coerce any employee by reasons of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

3.      Defendant's violations of the ADA and the § 440.205 Florida Statute were willful and perpetrated with malice or reckless indifference to the law(s).

4.      Plaintiff seeks all remedies available in law and equity including but not limited to: judgement in her favor and against Defendant; payment of lost wages, salary, employment benefits and other compensation denied (including front and back pay); actual monetary losses sustained as a direct result of Defendant's violations; pre-judgement interest; liquidated damages; compensatory damages; punitive damages; injunctive relief; and reasonable attorney's fees, expert witness fees and costs pursuant to 42 U.S.C. §12101, *et seq.* and § 440.205

## JURISDICTION

5.      The acts and omissions giving rise to this action occurred in Orange County, Florida.

6.      Plaintiff was employed by Defendant in Orange County, Florida.

7.      Defendant is and was at the time of all incidents described herein, operating in and out of Orange County, Florida.

8.     This is an action at law raises a federal question under federal law, specifically the ADA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

9.     This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. §1367.

10.     Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit A**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue attached hereto and marked as **Exhibit B**.

## VENUE

11.     Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

12.     Plaintiff was hired by Defendant in November 20, 2019.

13.     Plaintiff was an outstanding employee and performed her job well until her unlawful termination on December 16, 2019.

14.     At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42

U.S.C. § 1211(8).

15.     Plaintiff is protected by the ADA because she suffers from physical injuries, therefore, either:

     a)     Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

     b)     Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

     c)     Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

16.     Defendant is a Foreign Profit Corporation which operates a weight loss, weight management, and nutrition company.

17.     At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

18.     In 2019, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

19.     At all times relevant, Defendant was engaged in an industry affecting commerce.

20.    At all times relevant, Defendant was engaged in an activity affecting commerce.

21.    At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 1211(5).

## FACTUAL ALLEGATIONS

22.    Plaintiff was hired by Defendant as Center Director, on or about November 20, 2019.

23.    Upon her hire, Plaintiff had to complete mandatory job training.

24.    However, a few days into her training, Plaintiff suffered an on-the-job injury to her hip.

25.    Plaintiff immediately reported her hip injury to Defendant and completed the necessary paperwork for workers compensation.

26.    Plaintiff immediately sought medical attention and received pain medication for her injury.

27.    Plaintiff's hip injury was a disabling condition under the Americans with Disability Act, as amended, as it affected major life activities, such as walking, standing and lifting.

28.    Following her medical treatment, Plaintiff was permitted to continue working without restrictions.

29.    However, the nature of Plaintiff's injury caused her to walk with a limp.

30.     Nonetheless, Plaintiff successfully completed the required job training and was told by the Human Resources Department that her work performance was excellent.

31.     Following the completion of the required training and after her injury, Plaintiff noticed a change in the way management perceived her and interacted with her. Specifically, Plaintiff was constantly questioned and harassed by her supervisors about her workplace injury. In addition, Plaintiff was mocked and ridiculed because she now walked with a limp.

32.     Plaintiff ignored this treatment and continued to perform her job in an outstanding manner.

33.     However, on December 16, 2019, less than 30 days after she was hired and only a few days after her on-the-job injury, Plaintiff's employment with Defendant was terminated.

34.     Defendant violated Plaintiff's rights by harassing and retaliating against her because of her valid claim for protection under the Florida worker's compensation statute.

35.     Defendant also violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace.

36.     At the time of her termination Plaintiff was qualified for her position.

37.    At the time of her termination Plaintiff was able to perform the essential functions of her job.

38.    Defendant's actions constitute discrimination in violation of the ADA.

39.    Defendant's actions also constitute retaliation in violation of the ADA.

## COUNT I
## RETALIATION IN VIOLATION OF THE ADA

40.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 39 above.

41.    Plaintiff's disability was disclosed to Defendant.

42.    Upon information and belief, Defendant's conduct, was, in whole or in part, motivated by Plaintiff's disability or perceived disability.

43.    As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

44.    The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

45.     The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

46.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

    a)     Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

    b)     judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

    c)     judgment against Defendant for compensatory damages;

    d)     judgment against Defendant for punitive damages;

    e)     Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

    f)     Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the

result of any damage award entered in her favor in this action; and

g)    Granting such other and further relief as the Court deems just.

## COUNT II
## PERCEIVED DISABILITY IN VIOLATION OF THE ADA

47.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 39 above.

48.    Plaintiff was perceived as disabled by Defendant.

49.    Defendant discriminated/retaliated against Plaintiff because of her disability or perceived disability in violation of the ADA-AA.

50.    Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

51.    Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

52.    Defendant's discriminatory/retaliatory acts and omissions occurred, at least in part because of Plaintiff's disability/perceived disability.

53.    Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

54.    As a direct, natural, proximate and foreseeable result of the action of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

55.    Defendant's violations of the ADA-AA were willful.

56.    Plaintiff is entitled to recover attorney's fee and costs pursuant to 42 U.S.C. 1981a(a)(3).

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a)    Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b)    judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c)    judgment against Defendant for compensatory damages;

d)    judgment against Defendant for punitive damages;

e)    Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

f)    Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the

result of any damage award entered in her favor in this action; and

g)       Granting such other and further relief as the Court deems just.

## COUNT III
## VIOLATION OF FLORIDA STATUTE §440.205 RETALIATION FOR PURSUING A CLAIM UNDER WORKERS' COMPENSATION LAW

57.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 39 above.

58.    Defendant intentionally retaliated against Plaintiff after she was injured on the job, sought medical attention, and filed a valid claim for Workers' Compensation Benefits.

59.    Plaintiff was retaliated against and discharged for Plaintiff's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law of the State of Florida, said retaliation and discharge being in direct violation of Section §440.205, Florida Statutes.

60.    As a result of said retaliation and discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish. The losses have occurred in the past and will continue in the future.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a)   Compensatory Damages for pain, suffering, mental anguish, loss of enjoyment of life; and

b)   Compensation for lost wages, benefits and other remuneration; and

c)   Any other relief deemed appropriate by the Court.

## **JURY DEMAND**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 19th day of February, 2021,

Respectfully submitted,

***s/ Anthony J. Hall***
**ANTHONY J. HALL, ESQ.**
Fla. Bar No. 40924
**THE LEACH FIRM**
631 S. Orlando Ave., Ste. 300
Winter Park, FL 32789
Tel: 407-543-6817
Fax: 321-594-7316
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | X FCHR (dual-filed) <br> X EEOC | 511-2020-02323 |

| EEOC | | |
|---|---|---|

| Name (indicate Mr. Ms. Mrs.) <br> Ms. Cheryl Savoia | Home Phone (Incl. Area Code) <br> thru counsel 407-574-4999 | Date of Birth <br> 4-■ |

Street Address                                                                City, State and ZIP Code
c/o Carlos V. Leach, Esq., The Leach Firm, 631 S. Orlando Ave., Suite 300, Winter Park, FL 32789

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name <br> JC USA, Inc. | No. Employees, Members <br> 1000+ | Phone No. (Include Area Code) <br> (866) 706-4042 |
|---|---|---|

Street Address                                    City, State and ZIP Code
1200 S. Pine Island Road                   Plantation, Florida 33324

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| __ RACE  __ COLOR  __ SEX __ RELIGION  __ NATIONAL ORIGIN <br><br> __ RETALIATION  __ AGE  X DISABILITY  __ OTHER (Specify below.) | Earliest                Latest <br> August 2019        December 2019 <br><br> __ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I began my employment as a Center Director for JC USA, Inc. (Jenny Craig) in Florida in November 2019. While employed with Jenny Craig, I was injured on or about August 201, that required medical treatment. My doctor gave me pain medication and directed me to continue performing my employment duties. After returning to work, management and human resources continuously questioned and harassed me about my injury in front of my co-workers; referring to my "limp" on several occasion. On December 16, 2019 I was called in by a supervisor to be informed that I was being terminated.

No explanation was offered for my termination. After being terminated I spoke to Human Resources to inquire about the reason for my termination. However, they were unable to provide one. The timing shows that my termination was in retaliation for my perceived disability.

Respondent has violated my rights under the Americans with Disabilities Act of 1990 (ADA). I would like the agency to investigate my claims, issue a reasonable cause determination, and prevent Respondent from further unlawful conduct.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. <br><br> 2/25/2020  Ms. Cheryl Savoia <br> Date        Charging Party Signature | Notary Seal: <br><br> Received <br> FEB 26 2020 |

Tampa Field Office

Exhibit "A"

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   **Cheryl Savoia**
      **c/o The Leach Firm, P.A.**
      **631 South Orlando Avenue, Suite 300**
      **Winter Park, FL 32789**

From:  **Miami District Office**
       **Miami Tower, 100 S E 2nd Street**
       **Suite 1500**
       **Miami, FL 33131**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
|  | **Ines Lozano,** |  |
| **511-2020-02323** | **Investigator** | **(786) 648-5827** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Marissa**
**Cosculluela**

Digitally signed by Marissa Cosculluela
DN: cn=Marissa Cosculluela, o, ou=EEOC -
Miami District Office,
email=Marissa.Cosculluela@eeoc.gov, c=US
Date: 2020.12.10 14:02:16 -05'00'

**12/10/2020**
*(Date Mailed)*

Enclosures(s)

For:   **BRADLEY A. ANDERSON,**
       **District Director**

cc:   **Wendy Anderson**
      **Human Resources**
      **JENNY CRAIG. USA, INC.**
      **5770 Fleet Street**
      **Carlsbad, CA 92008**

**Carlos V. Leach, Esquire**
**THE LEACH FIRM, P.A.**
**631 South Orlando Avenue, Suite 300**
**Winter Park, FL 32789**

**Exhibit "B"**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**Exhibit "B"**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**Exhibit "B"**